Susan J. Walsh
MOSKOWITZ & BOOK, LLP
1372 Broadway, Suite 1402
New York, NY  10018
Tel:  212-221-7999

Attorneys for Defendant Angel Feliz


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

                v.

Angel Feliz, a/k/a Jesus Charriez,"

                      Defendant.

**S1 08 Cr 164 (HB)**

**Sentencing Memorandum**


# SENTENCING MEMORANDUM


Dated:  New York, New York
        August 26, 2008


                    MOSKOWITZ & BOOK, LLP

                    By:/s/ _____
                        Susan J. Walsh
                    1372 Broadway, Suite 1402
                    New York, NY  10018
                    Tel:  212-221-7999
                    Fax:  212-398-8835
                    swalsh@moskowitzandbook.com

                    Attorneys for Defendant

cc: AUSA, Dan Goldman

# M&B

## M O S K O W I T Z   &   B O O K ,   L L P

Susan J. Walsh
Partner
SWalsh@moskowitzandbook.com

1372 Broadway, Suite 1402
New York, NY 10018
Phone: (212) 221-7999
Fax: (212) 398-8835
www.moskowitzandbook.com

August 26, 2008

**VIA ECF and BY HAND DELIVERY**

Hon. Harold Baer
Senior United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  United States v. Angel Feliz a/k/a Jesus Charriez
           S1 08 Cr. 164 (HB)

Dear Judge Baer:

        This letter is respectfully submitted in connection
with the sentencing of Angel Feliz, which is currently scheduled
to take place on September 4, 2008, at 11:00 a.m., and in support
of his request for a non-guidelines sentence below the estimated
guidelines range contained in the plea agreement and the
guidelines range calculated by the Probation Department.  Such a
sentence is warranted in this case in recognition of Angel's
extraordinary acceptance of responsibility, his personal
circumstances, and the unique nature of his crime.

### Preliminary Statement

        What makes this case extraordinary is that the
fundamental crime for which Angel stands convicted, "Education
Loan Fraud," bloomed from his desire for self-betterment and an
effort to garner what should be the highest of societal dreams,
not fame or riches, but a college education.

        This is not to suggest that the means by which Angel
attained his goal should be altogether excused, however, the end
– a Bachelor of Science in Architectural Technology –
particularly at the age of 45 in a second language, is by any
standard, a laudable achievement.  The means, without question,
must be punished, but the end deserves consideration in
fashioning the appropriate sentence under 18 U.S.C. § 3553(a).
In short, four factors in this case warrant the Court's

Hon. Harold Baer
August 26, 2008
Page 2


particular consideration 1) the fact that Feliz completed his
Bachelor's degree and began paying back his loans 2) he will
undoubtedly be deported for this offense, 3) Feliz surrendered
his own true travel documents, thereby voluntarily admitting
culpability and exposing himself to greater prosecution and 4)
although the enlightenment that comes with higher education can
never be removed, the practical, utilitarian use of his degree
has forever been forfeited.  The degree he earned in someone
else's name is something he can no longer claim.

Angel's crime was born of his desire to remain in the
United States, pursue higher education and a career.  Therefore,
it must be considered although not condoned, that his criminal
charges, fraudulently obtaining student loans under a pseudonym
and the unlawful use of a social security number, were used to
better himself individually.  Ironically, his crime resulted in
his being a more productive member of society, with more to offer
his family, his community and himself.

I.   The Offense Conduct

In or about 1992 Jesus Charriez, an American citizen
and terminally ill friend of Angel Feliz died after a long battle
with disease.  Angel adopted Charriez's identity to avoid
deportation to the Dominican Republic particularly during a state
prosecution in Maryland for a narcotics offense. The use of the
identity was known to Charriez, who was in ever declining health
and cognizant of his fate and his imminent death.

A desperate, short-sighted decision to hide his
identity began a treadmill of deceit.  While in jail in Maryland,
Feliz began his strange route toward rehabilitation out of a life
marred by street crime – receiving first a GED (Exhibit 1), and
later a certificate for completing 600 hours of Architectural
Drawing Instruction.  (Exhibit 2).  His love of the field and his
thirst for higher education and legitimacy continued upon
completion of his jail term.

In 1999 he applied to the New York Institute of
Technology for a Bachelor's Program and after close to 6 long
years of study – outside of his native language – achieved his
Bachelor of Science Degree in Architectural Technology at the age
of 45.  (Exhibit 3).  Feliz worked in various architectural and
design firms to help support his family during the course of his
6 years of study.  His hard work and camaraderie with fellow
classmates led him to a full-time position in design and with a
Rhode Island company – Suarez and Suarez Design, LLC. (Exhibit

Hon. Harold Baer
August 26, 2008
Page 3

4). The Suarez's have grown to become friends, as well as, colleagues and employers. (Exhibit 4).

As the annexed letters from co-workers, colleagues and customers attest, Feliz, distinguished himself in the field and committed himself to serving as a mentor for under-privileged youth, encouraging them to seek a skill through higher education. (Exhibit 5 & 6).

His success in college, his scholarship and his aspirations to enter the architectural field are a singular joy to him and his family. It was not the work of idle hands or an idle mind or a compulsion to "get rich quick" which led Felix into his current predicament. Clearly, this man has the potential, the drive, the discipline and the aspiration to better himself through higher education. Every one of his supporters recognize the wrongfulness of his means but celebrate his work ethic, his achievements and his single-minded pursuit of a higher education. (Exhibit 6).

Indeed, just prior to Feliz's arrest he was considering the pursuit of a Master's Degree in Architecture and hand been accepted into the Roger Williams University School of Architecture, Art, and Historic Preservation. (Exhibit 7). Due to the downturn in the economy, the mortgage crisis and a sharp downturn in his employer's success he deferred enrollment and deferred repayment on his outstanding undergraduate loans. Sadly, while incarcerated, Feliz lost his own home in Rhode Island to foreclosure.

It is essential to understand that although Feliz's illegal conduct has resulted in a financial loss to other potential student applicants, Angel's crime was not motivated by greed or a desire to get rich quick at the expense of or to the detriment of others.

Rather, after inspiration through rehabilitative education while incarcerated, Feliz made the foolish, and ultimately tragic decision to continue to falsify his identity in order to hide who he truly was and begin a new life in what has become his adopted country, the United States. One mistake led to another and almost at once, the rehabilitated, paroled inmate of 1998 became the defendant of today. Had Angel chosen to disclose the truth about his identity, he would not have been able to educate himself, provide for his children and certainly would not be before this Court for sentencing.

Hon. Harold Baer
August 26, 2008
Page 4


        Unfortunately, Feliz made an impulsive and short-
sighted decision to hide the truth and try to work his way out of
a financial and immigration abyss.  It was a misguided attempt to
remain united with his family and rebuild himself from scratch,
with a career to support himself and his family.

II.        Feliz's Family History

     Feliz has never lost the love or support of his family.

Although they, too, lament the wrongfulness of his conduct, he
has never failed them in his support and affection for them as a
father.  (See PSR at para 48).  Indeed, notwithstanding his
separation from his lawful wife, Rosa Marte, the family remains
very close and committed to each other including  one of Rosa's
sons from a prior relationship, whom Angel considers as his own.
(Id., Exhibit 8, and PSR at 45).  His stepson Stephen is pursuing
a higher education in Hospitality while working his way through
school and his youngest has just graduated from High School.  It
is clear through their letters this is a doting extended family
that forgives their father and husband his misdeeds and lament
the loss of his companionship, again. See generally, (Exhibit 9,
Letters from Wife, Children and Mother).

     Feliz is one of five siblings born to a working-class family
in Santo Domingo.  He began work assisting his father in
refrigerator repair at the age of 9. Although three of his
siblings and his father live in the Dominican Republic, he has
not been back since he immigrated in 1985 with his mother who
resides in the Bronx. (See PSR at 39 - 40).

                Feliz's Character

     Not long after his arrest for the Education Loan Fraud,
Feliz was forced to confront the long deferred consequences of
his fraud.  Rather than force the Government to prove his true
identity as well as prove his criminal liability for the
fraudulent loans, Feliz decided, to admit his true identity, with
all the attendant consequences.  To that end, Feliz surrendered
his real Dominican Republic Passport to Pre-trial Services in the
name of Angel Feliz, without additional protection.  The fraud he
commenced he also conceded, and Feliz is fully cognizant that
this undoubtedly will have draconian immigration consequences for
him and his family.  His admission to friends and colleagues
alike show a strength of character in the face of his personal
shame.  (See, Exhibit 10, Character Letters of 5 friends).

Hon. Harold Baer
August 26, 2008
Page 5

III. <u>The Sentencing Landscape After Booker</u>

      As this Court is aware, the Supreme Court issued its
long awaited decision regarding the constitutionality of the
United States Sentencing Guidelines (the "guidelines"). <u>See</u>
<u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 543 U.S.
220, 125 S. Ct. 738 (2005) ("<u>Booker</u>").  The sentencing law
landscape has developed and changed significantly, restoring some
discretion to the Courts who actually sentence defendants and
definitely answering the constitutional question as to their
mandatory application.  <u>See</u>, <u>Gall v. United States</u>, 128 S.Ct. 586
(2007); <u>Kimbrough v. United States</u>, 128 S.Ct. 558 (2007).  <u>Booker</u>
rendered the guidelines advisory rather than mandatory.  As the
Court explained, in determining what sentence to impose judges
must consider <u>all</u> of the factors outlined in 18 U.S.C. § 3553(a);
the guidelines are merely one factor to be considered together
with all the other relevant sentencing factors outlined in 18
U.S.C. § 3553(a).  <u>Booker</u>, <u>supra</u>, 125 S. Ct. at 764-765.

      Pursuant to <u>Booker</u>, in imposing sentence, the court
must consider not only the applicable advisory guideline range,
but all of the factors outlined in 18 U.S.C. § 3553(a), including
but not limited to:

        a.    the nature and circumstances of the
               offense and the history and
               characteristics of the defendant;

        b.    the need for the sentence imposed

           (A)   to reflect the seriousness of the
                  offense, to promote respect for the
                  law, and to provide just punishment
                  for the offense;

           (B)   to afford adequate deterrence to
                  criminal conduct;

           (C)   to protect the public from further
                  crimes of the defendant; and

           (D)   to provide the defendant with
                  needed educational or vocational
                  training, medical care, or other

Hon. Harold Baer
August 26, 2008
Page 6


> correctional treatment in the most
> effective manner; . . .
>
> (E)    to avoid unwarranted sentence
>         disparities . . .

Title 18 U.S.C. § 3553(a).

Further, courts have been instructed to impose "a
sentence sufficient, but not greater than necessary" to meet the
objectives of sentencing.  See 18 U.S.C. § 3553(a).  As will be
discussed below, the Defendant has stipulated to a reasonable
guideline range in the plea agreement, leaving intact the right
to urge the Court to consider a non-guideline sentence under the
new constitutional regime.[1]  A consideration of the factors
listed above leads to the conclusion that a non-guidelines
sentence below the applicable guidelines range is also
appropriate in this case.

IV.  The Sentencing Guidelines

The Probation Department calculates the advisory
sentencing guidelines slightly above the range negotiated in the
plea agreement between the parties and as follows:

1.    A base offense level of 6
       pursuant to U.S.S.G. §2B1.1(a)(2);                    6

2.    A 8-level increase in the base
       offense level pursuant to
       U.S.S.G. § 2B1.1(b)(1)(E) because
       the loss is more than $$70,000 but less that
       $120,000;                                            +8

3..   A two level downward adjustment
       pursuant to U.S.S.G. § 3E1.1(a) because defendant
       has demonstrated
       his acceptance of responsibility and
       because of his timely plea of guilty
       (see P.S.R. at ¶ 27).                                -2

---

[1] The parties stipulated to a Guideline Range lower than that proposed by
Probation.  As did the Government, the Defense urges that if the Court
imposes a guideline sentence, that the Court honor the intent of the parties
by excluding the private loans in the amount of $8,550 (See PSR at 13) and
calculate the loss amount as exceeding $30,000 but is less than $70,000. See
plea agreement of June 3, 2008.

Hon. Harold Baer
August 26, 2008
Page 7

Based upon the above, the Probation Department concludes that defendant's total offense level should be fixed at Level 12, as opposed to Level 10, stipulated to by the parties.. See PSR at ¶ 27.

The Probation Department further concludes that Feliz's Criminal History Category is level III, based on five criminal history points for the drug related conviction and the fact that the instant offense commenced while he remained on parole for that original offense. See PSR at ¶ 35. Consequently, the PSR concludes that the sentencing guidelines range is 15-21 months. See PSR at ¶ 64. The Defense does not dispute the Criminal History Calculation.

The defendant objects to the guidelines calculation contained in the PSR to the extent that it calculates the loss to be in excess of $70,000.

The calculation does not comport with the stipulated agreement and the meeting of the minds reached by the parties. Excluding from the loss amount non-governmental grants, to wit $8,550 from NYIT, reduces the loss amount by $8,850 and the guideline exposure by 2 level. The parties calculation nevertheless included full restitution to these private lenders or grantors like the New York Institute of Technology even though the loss amount to those monies granted to him were not included in the defense loss calculation. [2]

If the Court honors the calculations in the plea agreement and concludes that the loss in this case is below $70,000, the adjusted offense level would be reduced by two levels to level 10, resulting in a guidelines range of 10 -16 months.

V.   Extraordinary Acceptance Of Responsibility And the Unique Circumstances of this Case Warrant A More Lenient Non-Guideline Sentence

Prior to the Supreme Court decision in Booker, supra, deviation from the sentencing guidelines was limited to the specific instances when an extraordinary fact or circumstances justified a departure. See generally Koon v. United States, 512 U.S. 81, 116 S. Ct. 2035 (1996).

---

[2] The restitution calculation between the parties and probation differs by $9. The defense does not challenge the $9 difference and concedes restitution to all lenders, private and governmental in the amount of $76,440.

Hon. Harold Baer
August 26, 2008
Page 8

        In this Circuit, such departures were available when a
defendant exhibited an "extraordinary" level of acceptance of
responsibility.  See United States v. Mickens, 926 F.2d 1323,
1332, 1333 (2d Cir. 1991), cert. denied, 502 U.S. 1060, 112 S.
Ct. 940 (1992); accord, United States v. Rogers, 912 F.2d 489,
492-493 (2d Cir. 1992).

        To be sure, it may well have been a combination of
factors weighing on Feliz at the time that caused him to come
forward to admit his crime.  His advancing age, his deteriorating
economic circumstances, his incarceration, his desire to make
whole his employer who has and will continue to suffer his
absence and the underlying stress of such a closely guarded
secret – undoubtedly all played some role to varying degrees.
Indeed, the prospect of temporary release on bail may have caused
him to realize that he faced an inevitable risk of exposure and
that realization, in turn, may have forced him to answer his long
avoided, but ultimate question: whether to try to perpetuate the
fraud or clear his conscience and end the charade. In short, why
he came forward when he did does not diminish the fact that he
did, knowing the consequences and risks were potentially
enormous.

        Feliz is not a hardened criminal.  He has been living
productively as an educated and working citizen.  Feliz and
thorough his example his children, have learned a painful lesson
from this case, and he deeply and sincerely regrets that he has
at once bettered himself through higher education and crippled
his chances of pursuing the career he coveted through his own
deception.  He does not represent a danger to society and it is
unlikely he will commit a crime again.

        Feliz's own letter to this Court demonstrates that his
remorse and acceptance of responsibility are genuine.  It is
respectfully submitted, that Feliz's actions and words express
more than simple regret for a past mistake, but reflect genuine,
remorse of a man who has betrayed himself and squandered a haven
of opportunity for a future in his adopted country, essentially
forfeiting the practical value of his degree earned under a false
name. (Exhibit 11).

    VI.  What Sentence To Impose

        In a post Booker environment, where the sentencing
guidelines are no longer mandatory, the decision on what sentence
to impose is the most difficult question to answer.

Hon. Harold Baer
August 26, 2008
Page 9


Pursuant to Booker, the Court must not only consider the sentencing guidelines, but also the factors set forth in 18 U.S.C. § 3553(a) which, among other things, includes the recognized goals of sentencing, including rehabilitation and deterrence.

In discussing the goal of rehabilitation, one judge in this circuit noted that rehabilitation

> cannot be served if a defendant can look forward to nothing beyond imprisonment. Hope is the necessary condition of mankind, for we are all created in the image of God. A judge should be hesitant before sentencing so severely that he destroys all hope and takes away the possibility of a useful life. Punishment should not be more severe than necessary to satisfy the goals of punishment.

United States v. Carvajal, 2005 WL 476125 (S.D.N.Y., February 22, 2005) (emphasis added).

In this case, given Feliz's age and immigration status, and the virtual surrender of his hard earned degree, a guidelines sentence would destroy any hope he has of rebuilding a useful, productive life and would be more than necessary to satisfy the goals of punishment.

Moreover, it is respectfully submitted that a lengthier prison term is not necessary to achieve the goals of specific or general deterrence in this case. Angel Feliz is not a prominent public figure and this case has not achieved any notoriety. Therefore, sentencing him to a lengthier prison term is not required to send a message to others to deter the conduct committed in this case. Feliz's self-surrender of his true identity documents reflect the fact that he has learned a tremendous lesson and that the chances he will violate the law ever again are de minimus. Accordingly, a lengthier jail term is not necessary to protect the public against future criminal conduct by Feliz, nor is a lengthy prison term necessary to rehabilitate him. As for general deterrence, Judge Rakoff, in his well-reasoned sentencing opinion in United States v. Adelson, 441 F.Supp.2d 506 (S.D.N.Y. 2006), noted that "there is considerable evidence that even relatively short sentences can have a strong deterrent effect on prospective "white collar" offenders. Id. at 514. In light of this observation, the

Hon. Harold Baer
August 26, 2008
Page 10


lengthier sentence called for by the guidelines would be more than what is necessary to achieve the goal of general deterrence.

Finally, a lengthy jail sentence is not necessary to punish Feliz further or to impress upon him the seriousness of his offense. Whatever ·sentence the Court ultimately imposes, Feliz has already suffered and will continue to suffer severely as a result of his criminal conduct. He has forfeited the goal he sought so hard to achieve – his higher degree. No matter what the ultimate dollar value of loss as result of his own conduct, Feliz has forfeited his intangible life assets which can never be replaced: his professional career; his education; proximity to his immediate family; his dream livelihood; and his reputation in a field in which he was just beginning to excel.

CONCLUSION

It is respectfully requested that the Court temper justice with mercy and impose a non-guidelines sentence below the applicable guidelines and below the sentence recommended by the Probation Department. Such a sentence will not only give recognition to Feliz's extraordinary acceptance of responsibility but also the unique nature of his crime.

Respectfully submitted,

Susan J. Walsh

cc:  AUSA Daniel Goldman (By Hand)

Exhibits

Exhibit 1



COPY COPY COPY COPY COPY COPY COPY COPY COPY COPY COPY COPY COPY COPY COPY COPY COPY COPY

144



Exhibit 2



# Certificate of Award

This Certifies That

## Jesus Charriez

600 Hr. Architectural Drawing

Is Commended for

### Certificate of Recognition

As A testimonial of the above Accomplishment is granted this Award

Given at    M.S.D.E.

Dated:    March 25, '97

RECEIVED DEC 0 7 1999

# Exhibit 3

# NEW YORK INSTITUTE OF TECHNOLOGY

Be it known that upon the recommendation of the Faculty, the Board of Trustees of New York Institute of Technology, by virtue of the authority vested in them by the Board of Regents of the University of the State of New York, does hereby confer upon

## JESUS M. CHARRIEZ

the degree of

## BACHELOR OF SCIENCE

Architectural Technology

together with all the rights, titles and responsibilities pertaining thereto. In Witness Whereof, we have hereunto affixed our signatures and the seal of the President, this month of May, two thousand and five.



CHAIRPERSON OF THE BOARD

PRESIDENT

# Exhibit 4




**Suarez & Suarez Design**
983 Cranston Street
Cranston, RI 02920
Tel: (401) 383-3389 Fax: (401) 383-9623
Email: SuarezSuarezD@aol.com

August 5, 2008

Hon. Harold Baer
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY. 10017

Dear Hon. Judge Baer,

As a friend and working partner in my construction and designing company since we first met as students at NYIT in the year 2000 Mr. Angel M. Feliz has shown to be an honest friend and partner always trying to help in any way he can. It really concerns me to see the way he feels at the moment with the uncertainty of what's going to happen to him on Sept. 4th, 2008

As we all know he did something wrong but he was trying to better himself and show a good example to his kid and his family of how he was getting ahead in life, so taking all that into consideration I ask you to please have leniency on your judgment, for his sake and the sake of his children.

Sincerely,

Johnny O. Suarez
Owner

Exhibit 5

# MENTOR

# MET LICENSE TO MENTOR



The Met School

THIS CERTIFICATE ENTITLES YOU TO GLOAT, SHOW OFF, AND BRAG ABOUT BEING A MENTOR... thank you

*Name of Recipient :* Jesus Chariez

ON THE ROAD TO LIFE THERE ARE PASSENGERS AND THERE ARE DRIVERS... " DRIVERS WANTED

Signature

Date 5/17/07



The MET DMV

Exhibit 6

August 5, 2008


David Rodio
190 Dyer street
Providence, RI, 02903
Phone (401) 421-7740


Hon. Harold Baer
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY. 10017

Dear Judge Baer,


My name is David Rodio, a building  official in the city of Providence, RI. I have met  Mr.
Angel Feliz as a designer in 2005 at Suarez & Suarez Design office where he works. Since
then Mr. Feliz has shown to be an honest individual, good friend, and committed to his
work in construction designing. I am writing this letter because I know what Angel Feliz is
going thru specially how sorry he feels about breaking the law, but also proud of obtaining
his B.A. in Architecture.

I ask you to please have leniency when sentencing him. Thanking you in advance for take
the time to read this letter.

Should you have any need to contact me please do so by calling at the number or address
listed above.


Sincerely,

David Rodio



*(401) 421-7740*
*ext. 353*
*Fax 455-8826*
*Email drodio@providenceri.com*

**DAVID RODIO**
*Plan Examiner Structures & Zoning*

*Department of Inspection and Standards*
*190 Dyer Street*
*Providence, Rhode Island 02903-1712*

Hon. Harold Baer
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York, 10007

Re: United States vs. "FNU/LNU" aka Jesus Charriez 08 crim 164

Dear Hon. Judge Baer,

 My name is Mohamed J. Freij, a licensed professional engineer and land surveyor in the
state of Rhode Island. I have known Mr. Angel M. Feliz since 2001 when I met him as an
archetict in a construction firm in RI where he was working , I can testify that he showed
nothing but great morals and ethics working in the engineering field.

 Yes that is no excuse to violating the law of the land but Iam writing your honor this
letter in hopes that you have mercy for him and help him remain a productive member of
society.

 I do appreciate considering this letter and I can be reached at 401-241-5153

8.1.08

Very sincerely yours,
Mohamed J. Freij
326 Sowams Road
Barrington RI, 02806

*August 4, 2008*

Mario N. Ferreira
113 William Barton Drive
Tiverton, RI 02878
(401) 709-0044

Hon. Harold Baer
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: Angel M. Feliz aka Jesus Charriez

Dear Judge Baer:

In spring of 2006 my wife and I were in the process of building a new home on a piece of vacant land we had purchased the previous year. After a thorough search for an architect we decided to hire Suarez & Suarez Design located in Cranston, R.I. to design our house plan. Angel was the designer assigned to our project.

Designing the home plan lasted approximately three months, from the initial interview to the final drawing. It took a little longer than anticipated, largely because we made several changes to the design on recommendations Angel would make that would improve the functionality of the home. His ultimate goal was not how fast he could finish the project, but instead how satisfied we were with the design of our dream home. A price for the design was agreed upon in the beginning, not an hourly fee, so therefore it would have been to his advantage to finish the project as quickly as possible. My wife and I really appreciated his patience, knowledge and professionalism throughout the entire process. I would not hesitate for one moment to recommend Mr. Feliz to any of my friends or family members, should they be in need of his professional services.

I do understand what Angel has done is wrong and unlawful and Yes he should be punished for his actions, but what that punishment should be I don't know. He absolutely exercised poor judgment in his decisions, but as I strongly believe he's a very good person, my wish is that perhaps there is some leniency in the punishment he's about to receive.

Thanking you in advance for considering above request and should there be a need to contact me to verify any information in this letter, please do so at the number or address listed above.

Sincerely,

Mario N. Ferreira

Mario N. Ferreira

Ingrid Cedeno
135 Seamans St
Unit 2
Providence, RI 02908
8/1/08

I, Ingrid Cedeno purchased a condominium from Mr. Angel M. Feliz thru a broker (Caldwell Banker) via a mortgage company (Trinity Mortgage). The above stated transaction was completed on 11/15/07. Since 11/15/07 Mr. Angel M. Feliz has made himself available for any questions, concerns, and repairs on miscellaneous small items in and around the condominium. He was courteous, very professional, and accomodating with the rigid schedules of myself and my daughter. The move to the condominium was smooth and adjusting in was comfortable knowing that Mr. Feliz was a phone call away to answer questions. Mr. Feliz has provided my family with a well built, quality condominium. Please consider this letter in your sentencing phase of Mr. Feliz.

Respectfully yours.

Ingrid Cedeno
401-486-5742

Exhibit 7

# RAMZI J. LOQA, P.E.
### Consulting Engineer

49 Batcheller Avenue
Providence, RI 02904

Phone (401) 751-5529
Fax (401) 751-4738
Email: rloqa@cox.net

April 19, 2007

Roger Williams University
Admission School
Bristol, RI

Gentlemen:

I am writing this letter to strongly recommend Jesus Charriez, of Suarez & Suarez Design of Providence, RI, for admission to the master program at the Architectural Department of your university.

I have closely worked with Mr. Charriez on several projects and found him to be competent, strong and knowledgeable in his field of architecture. Mr. Charriez will be a good asset for your program.

If you have any questions, please do not hesitate to call.

Yours truly,

Ramzi J. Loqa

RJL/ll



ONE OLD FERRY ROAD
BRISTOL, RHODE ISLAND 02809-2921
401-254-6200   1-800-458-7144, EXT. 6200   FAX 401-254-3557
gradadmit@rwu.edu   www.rwu.edu

OFFICE OF GRADUATE ADMISSION

**Jesus Charriez**
**983 Cranston Street**
**Cranston, RI 02920**

April 9, 2007

Dear Jesus,

Further to our earlier contacts on the matter, I am pleased to be able to confirm your admission as a candidate for the M. Arch Graduate program at the Roger Williams University's School of Architecture, Art, and Historic Preservation.

Please find attached a tentative semester-by-semester scheduling of the degree requirements for you to follow throughout your tenure as a degree candidate, assuming that you can actually start your first semester here in Fall 2007 or even perhaps in the Summer of 2007.

The detailed information on the available graduate assistantship and other arrangements will be provided separately in due course.

I trust that you will feel free to contact me for academic matters (401-254-3743), and the Office of Graduate Admissions for other information and questions (401-254-3809).

We are looking forward to your contribution to a fruitful period of studies within the Graduate program and wish you the very best.

Welcome to the Roger Williams University School of Architecture, Art, and Historic Preservation.

Sincerely,

**Okan Ustunkok, Ph.D.**
**Associate Dean and Professor of Architecture and Historic Preservation**





ONE OLD FERRY ROAD
BRISTOL, RHODE ISLAND 02809-2921
401-254-6200   1-800-458-7144, EXT. 6200   FAX 401-254-3557
gradadmit@rwu.edu   www.rwu.edu

OFFICE OF GRADUATE ADMISSION

**Jesus Charriez**
**983 Cranston Street**
**Cranston, RI 02920**

April 9, 2007

Dear Jesus,

Further to our earlier contacts on the matter, I am pleased to be able to confirm your admission as a candidate for the M. Arch Graduate program at the Roger Williams University's School of Architecture, Art, and Historic Preservation.

Please find attached a tentative semester-by-semester scheduling of the degree requirements for you to follow throughout your tenure as a degree candidate, assuming that you can actually start your first semester here in Fall 2007 or even perhaps in the Summer of 2007.

The detailed information on the available graduate assistantship and other arrangements will be provided separately in due course.

I trust that you will feel free to contact me for academic matters (401-254-3743), and the Office of Graduate Admissions for other information and questions (401-254-3809).

We are looking forward to your contribution to a fruitful period of studies within the Graduate program and wish you the very best.

Welcome to the Roger Williams University School of Architecture, Art, and Historic Preservation.

Sincerely,

**Okan Ustunkok, Ph.D.**
**Associate Dean and Professor of Architecture and Historic Preservation**



Exhibit 8

August 3, 2008


**Rosa Feliz**
**2437 Fuller street apt. 2-R**
**Bronx, NY, 10461**
**Tel. (646) 225-1452**


**Hon. Harold Baer**
**United States District Court Judge**
**Southern District of New York**
**500 Pearl Street**
**New York, NY. 10017**


**Dear Judge Baer:**

My name is Rosa Feliz, Angel Feliz's wife.  The purpose of this letter is to express my feeling about Angel Feliz.  Even though we are separated I consider him an excellent man, great husband, and an wonderful father.

In other hand, there are not excuses to break the law, but to work full time, going to school full time and even to have graduated, make me feel proud of him. Your Honor please do something to help my husband and my children's father, I will be deeply thankful.


Respectfully,

Rosa Feliz

Exhibit 9

August 6, 2008


Roani Feliz
2437 Fuller street apt. 2R
Bronx, NY, 10461
Phone (347) 295-9699


Hon. Harold Baer
United States District of New York
Southern District of New York
500 Pearl Street
New York, New York, 10007


Dear Honorable Judge Baer:

I am writing this letter to tell you how much my father Angel Feliz means. He is the best father. I am the biggest fan of my father. For me my father is my number one roll-model. He worked like crazy and used to go to school and even graduated to become a professional. My father always advices us to give the best out of us and never get comfortable with less.

On the contrary, I know what my father did was wrong, but please have mercy when sentencing him .

Sincerely

Roani Feliz
Roani Feliz

August 6, 2008

Roan Feliz
2437 Fuller street apt. 2R
Bronx, NY, 10461
Phone (347) 295-9699

Hon. Harold Baer
United States District of New York
Southern District of New York
500 Pearl Street
New York, New York, 10007

Dear Honorable Judge Baer:

My name is Roan Feliz, i am the son of Angel Feliz. Your Honor, i would to like to
express to you that my Father is my biggest inspiration to succeed in life. Also, I am
proud of him for going back to school, as i watched him work hard day by day. Just like
His love and dedication makes me see a different aspect of life.

I understand what my father did was wrong, but he had no bad intentions, as we can
see, it was just to educate himself foe a better life. I ask for your clemency when you
make your decision at September 4, 2008.

Sincerely

Roan Feliz

Roan Feliz

# DORA FELIZ

**2300 Loring Place**
**Bronx, NY. 1045**
**Phone: (718) 933-0619**

August 19, 2008

Hon. Harold Baer
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY. 10017

Dear Hon. Judge Baer,

My name is Dora Feliz, Angel Feliz's mother. By writing this letter, I let you know that my son is deserving of forgiveness because he has always been a good son, reliable and a hard working man.

My son may have used the wrong method to better his life but I know his intensions were not harming anyone.

I would be immensely grateful if you have mercy in God name and as a parent with my son.

Sincerely,

Dora Feliz
Dora Feliz

19 de agosto 2008

Honorable señor Juez

Señor Juez:

Mi nombre es Dora Feliz
la madre de Angel Feliz.
Le escribo esta Carta para
Pedirle de favor que hijo es
digno de Perdón porque el
siempre ha sido un buen
hijo, confiable y muy trabajador.

Mi hijo, la verdad, que uso
el Camino equivocado para
progresar en su vida, pero
yo sé, por seguro, que sus
intensiones no fueron mala.

Yo se lo agradecería de todo
Corazon que tenga misericordia
en nombre de Dios y a usted
como un padre con mi hijo.

Sinceramente.

Dora Feliz.

Exhibit 10

# Jacqueline Alvarez

**147 Roger Williams Avenue**
**Rumford, RI. 02916**
**Phone: (401) 632-4262**
**Cellular :( 646) 391-7638**
**Email: Jalv123@aol.com**

August 4, 2008

Hon. Harold Baer
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY. 10017

Dear Hon. Judge Baer,

My name is Jackie Alvarez a friend and co-worker of Mr. Angel M. Feliz, I have known Mr. Feliz since the year 2000 when my husband met him while studying at NYIT. Since this time Angel has proof to be and man of character and integrity and has shown to be a very good friend also.

I know there's no excuse to break the law but he was just trying to better himself and as the same time set a good example for his children.

I plea that you consider giving him a lesser charge so he can continue and normal life here or in his contry. thanking you in advanced for taking the time to read this letter.

Sincerely,

Jacqueline Alvarez

# Rafael Carela
**160 Bush Street, # 1H**
**Bronx, NY 10453**
**(646)778-1971**

July 30th, 2008

To: Judge Baer

Re: Character Reference – Mr. Angel Feliz

See this affidavit that I have prepared and signed giving my information as a personal reference and witness to the character of Angel Feliz.

I have known Mr. Angel Feliz since 1985 as Mr. Feliz arrived in New York, where both of us lived in the same building in the Bronx, New York. My friendship and respect for Mr. Feliz has remained until this day. I have met and gotten to know his family – mother, father, brothers and sisters, and most importantly his children.

Mr. Feliz has shown himself to be a hard working person, who continually attempts to improve his condition to bring the benefits to his family. Mr. Feliz has through his efforts in school, brought a real benefit to the community. I am aware that the method that was used to accomplish these goals should have brought with them more respect for proper legal procedures. I believe that Mr. Feliz has the ability to understand the important of the law, and that an achievement accomplished with respect to the law, would be a truly lasting one, and could not therefore be taken away.

My support for Mr. Feliz would extend to taking personal responsibility for any formal contract where I would act as a guarantor, to further ensure his compliance.

Respectfully,

Rafael Carela

NORMAN HALLIBURTON
Notary Public, State of New York
No. 03-4932135
Qualified in Bronx County
Commission Expires June 20, 2010

08-05-2008

August 03, 2008

United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New york 10007

Dear Judge Baer:

This letter is in support my good friend Angel M. Feliz. I know Angel for five years. We met for the first time in an English class in college (NYIT). We became very good friends and have always keep in contact with each other since then. He was a very friendly person. He had a good relation with teachers and students in college. I remember he always telling me this good advice, "Linardo you have to finish college".

I was very impress to see how a man of his age was so willing and determined to get a college degree. His was able to finish college having so many difficulties. When I see him this comes to my mind, "There is never late to go back to college".

Honorable judge, in behalf of Angel's families and friends, you should consider putting him in probation or suspend his sentence. He committed a once in a lifetime mistake. He probably thought that this was his only opportunity to get a college degree. He is now an educated person and has become a better citizen. I think he is not a danger to society.

Respectfully,

*Linardo Ramirez*

Linardo Ramirez
2664 Grand Concourse 4A
Bronx, NY 10458
Cell: (917) 854-4632

Hon. Harold Baer
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York, 10007

Re:  United States v. "FNU/LNU" aka Jesus Charriez 08 Crim 164

Dear Judge Baer:

Honorable Judge Baer, I am writing this letter to show support for my friend Angel M. Feliz.  I have known him for about eight years now, and since the first time I met him, I can testify that I have only seen him work very hard to grow as an individual and I am sure he only wants to do the right thing on a daily basis.  My friend Angel Feliz is now 47 years old, and this is an age when people usually get to analyze life more than at an earlier age.   I am respectfully begging of you to have mercy as you exercise your judgment in this case.  I believe that everyday my friend Angel Feliz is away from society, is a day in which he can not repay our society with his desire to do so.

I appreciate highly your consideration in my request.

Sincerely:  Eugenio Ovalle
23 Joslin Street
Providence, R.I. 02909
(401)  490- 0440
(646) 228 -9526

Rhonda Crosson
191 Dudley St
Providence, RI  02905

Hon. Harold Baer
United States District Court Judge
Southern District  of New York
500 Pearl Street
New York, NY. 10017

August 1, 2007

Dear Hon. Judge Baer,

      I am writing on behalf of Angel M Feliz.  I have known him for 3 years and have always known him to be of the utmost character and reputation.  During this time, Angel has always been a hard worker, who was there for his family and friends whenever they needed him.  He came here seeking life for himself and his family.  He worked diligently to complete his bachelor's degree and start a career in his field.  Although Angel should have sought to do so in a better manner, he simply wanted to turn his life around and achieve the American dream.  Angel M. Feliz truly regrets his predicament, and understands the cost of his actions.  In writing this letter, it is my intent to ask that your honor consider a lesser charge, so that Angel can return to his country where he will have the support and opportunity to start his life over again on the right foot.

Yours truly,

*Rhonda A. Crosson*

Rhonda A Crosson

# Exhibit 11

August 18, 2008

Angel M. Feliz
2300 Loring Place Apt.602
Bronx, New York 10468
(646) 488-4439

Hon. Harold Baer
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY. 10017

Dear Hon. Judge Baer:

First of all I must apologize to you, my love ones and friends for all the inconvenience that I have
caused with my behavior. As I said before, I knew what I was doing was wrong, but by irony of
life this was only way for me to achieve my dream of obtaining my BA in Architecture.

Again, I truly regret being in this position, and ask your Honor to please forgive me and have
leniency, so I would be able to continue being an asset to my family and children.

I do thank you in advance for any consideration you can have on your decision.

Sincerely,

Angel M. Feliz